**SO ORDERED.**

**SIGNED this 23 day of July, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

**MARINA JAMES DANE**

      **Debtor.**                                      Case No. 05-02928-8-JRL

**JAMES B. ANGELL, Chapter 7
Trustee for Marina James Dane,**

      **Plaintiff,**

  v.                                                                  Adversary Proceeding No.
                                                           06-00041-8-AP

**PATRICK DANE**

      **Defendant.**

_____

### ORDER

This case came before the court on the trustee's motion for summary judgment and the defendant's motion for summary judgment. On July 17, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

### JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding

pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## FACTS AND BACKGROUND

On April 11, 2005, the debtor filed a chapter 7 bankruptcy petition, and James B. Angell was appointed the trustee. Prior to the debtor's bankruptcy filing, the debtor and Patrick Dane, the debtor's former husband, entered into a property settlement. The settlement was reduced to a memorandum of consent judgment and order, which was filed on July 7, 2004. The trustee contends that based on that consent order Mr. Dane is required to pay Mrs. Dane $92,000 in unpaid post separation support. The trustee argues that the $92,000 is property of the estate, and he filed this adversary proceeding seeking to obtain those funds. There is no dispute that the $92,000 has not been paid, Instead, Mr. Dane contends that the consent order is not a judgment for $92,000, and neither Mrs. Dane nor the trustee has any ability to require Mr. Dane to pay that amount.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

A bankruptcy filing creates an estate consisting of "all legal or equitable interests of the debtor in property" as of the date of filing. 11 U.S.C. § 541(a). Any interest created by the consent order for post separation support arrears would constitute property of the estate. Therefore, the court must determine what interest, if any, the debtor had in the $92,000 of post separation support arrears, at the time she filed bankruptcy.

Unless some federal interest requires otherwise, "'property' and 'interests in property' are creatures of state law." Barnhill v. Johnson, 503 U.S. 393, 398 (1992). Therefore, this court must look to state law to determine the nature of the debtor's rights in the $92,000. In this case, those rights were defined by the consent order entered by the District Court of New Hanover County, North Carolina. See *In re* Keller, 185 B.R. 796, 800 (B.A.P. 9th Cir. 1995) (where the bankruptcy court looked to the judgment entered by the family law court to determine the property interests of divorcing spouses).

The consent order provides in paragraph five as follows: "PSS terminates effective 30 June 2004. The established arrears total $92,000. No set schedule of repayment is established. But this issue shall be reviewed in one year to set or to determine if a payment schedule can be set." The trustee and Mr. Dane disagree as to what this provision provides. The trustee contends

3

that the intent of the consent order was to defer the payment of the $92,000 for a year from the date of the order, not to extinguish the obligation on procedural grounds. In contrast, Mr. Dane contends that the right to recover the $92,000 has been waived by failure to timely request a review of the consent order.

To the extent the debtor has rights to the post separation support arrears, those rights are property of the estate. However, the consent order is ambiguous as to when the proper payment of those funds shall be paid or if payment of those funds must be made at all. In order to clarify this issue, the court will allow Mr. Dane time to seek interpretation from the district court as to the proper payment schedule, if any, regarding the post separation support arrears. A copy of the district court order clarifying what money Mr. Dane owes and under what terms he owes that money must be filed with this court no later then ninety days from the date of this order. If Mr. Dane provides such an order, the court will determine summary judgment based on the clarifications provided by the district court. If Mr. Dane fails to provide such an order, the court will find that the consent order sets forth a judgment against Mr. Dane in the amount of $92,000, and summary judgment will be granted in favor of the trustee.

## CONCLUSION

Based on the foregoing, the court will stay this adversary proceeding for ninety days to allow Mr. Dane time to seek clarification from the district court as to the proper payment schedule, if any, regarding the post separation support arrears.

"END OF DOCUMENT"