SO ORDERED.

SIGNED this 27 day of November, 2007.

_____
                    **J. Rich Leonard**
              **United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

**MARINA JAMES DANE,**

        **Debtor.**                                      **Case No. 05-02928-8-JRL**

**JAMES B. ANGELL, Chapter 7**
**Trustee for Marina James Dane,**

        **Plaintiff,**

    **v.**                                              **Adversary Proceeding No.**
                                                      **06-00041-8-AP**

**PATRICK DANE,**

        **Defendant.**

_____

## <u>ORDER</u>

This case is before the court on an Order Staying Adversary Proceeding for Clarification from District Court entered by this court on July 23, 2007.

On April 11, 2005, the debtor filed a Chapter 7 bankruptcy petition. Prior to the bankruptcy petition, the debtor and Patrick Dane, the debtor's former husband, entered into a property settlement. The settlement was reduced to a Memorandum of Consent Judgment and

Order, which was filed on July 7, 2004. Paragraph Five of the consent order provides that: "PSS terminates effective 30 June 2004. The established arrears total $92,000. No set schedule of repayment is established. But this issue shall be reviewed in one year to set or to determine if a payment schedule can be set." In his complaint, the trustee contends that Mr. Dane is required to pay Mrs. Dane $92,000 in unpaid post-separation support based on the 2004 consent order. The trustee argues that the $92,000 is property of the estate, and he filed this adversary proceeding seeking to obtain those funds. Mr. Dane contends that the consent order is not a judgment for $92,000, and neither Mrs. Dane nor the trustee has any ability to require Mr. Dane to pay that amount.

On July 23, 2007, this court entered an Order Staying Adversary Proceeding for Clarification from District Court. In the order, the court acknowledges that the terms of the 2004 consent order are ambiguous and granted Mr. Dane time to seek clarification from the District Court as to the proper payment schedule, if any, for the post-separation support arrears. The order further states that a copy of the District Court's order clarifying the payment schedule must be filed with this court no later than ninety days from the date of the order. The failure of Mr. Dane to file a copy of such an order will result in a finding by the court that the consent order sets forth a judgment against Mr. Dane in the amount of $92,000 and summary judgment will be granted in favor of the trustee.

Mr. Dane failed to file a copy of a District Court order clarifying the payment schedule within ninety days of the order staying the adversary proceeding. Further, Mr. Dane has made no indication to the court that he has sought such a clarification with the District Court. Therefore, pursuant to the terms of this court's July 23, 2007 order, the court grants summary

judgment in favor of the trustee.

"END OF DOCUMENT"